IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TAMERA E. INGRAM,

    Plaintiff,

v.                                            Case No. 2:21-cv-2505-MSN-tmp

DEDRA BRIDGEFORTH, et al.,

    Defendants.

---

**ORDER ADOPTING REPORT AND RECOMMENDATION; ORDER DISMISSING CASE; ORDER IMPOSING PREFILING RESTRICTIONS ON PLAINTIFF, REQUIRING FULL FILING FEE BEFORE COMMENCING NEW LITIGATION**

---

       Before the Court is the Chief Magistrate Judge's Report and Recommendation, ("Report") entered on September 14, 2021. (ECF No. 7.) The Report recommends that Plaintiff's action be dismissed because it fails to state a claim upon which relief could be granted. (*Id.* at PageID 16.) Plaintiff had fourteen days to submit any objections she may have to the Report. (*Id.* at PageID 21.) Fourteen days have passed, and Plaintiff has not submitted any objections to the Report.

       Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court need not review—under a *de novo* or

any other standard—those aspects of the report and recommendation to which no objection has been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection has been filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it is wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Chief Magistrate Judge issued his Report on September 14, 2021. (ECF No. 7.) Plaintiff had fourteen days to submit her objections to the Report, making the deadline to do so September 28, 2021. (*Id.* at PageID 23.) To date, Plaintiff has failed to submit any objections to the Report's findings. The Court has reviewed the Report for clear error and finds none.

Accordingly, the Court **ADOPTS** the Report and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Chief Magistrate Judge also recommends that the Court impose prefiling restrictions on Plaintiff in future matters because she "is a frequent filer of meritless lawsuits."[1] (ECF No. 7 at PageID 17–20.)  Specifically, the Report recommends that the Court require Plaintiff to pay the full civil filing fee before she commences further litigation in this district. (*Id.*)  *See Mattox v. Western Mental Health Institute*, No. 21-2016, 2021 WL 1090710 at *1 (W.D. Tenn. Mar. 22, 2021) (imposing prefiling restrictions, namely full civil filing fees, on a "frequent filer of patently meritless lawsuits").  "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *see United States ex rel. Odish v. Northrop Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021).  The Court follows this approach here, adopting the Chief Magistrate Judge's recommendation; Plaintiff will not be allowed to commence further lawsuits in this district without first paying the full civil filing fee. (*See* ECF No. 7 at PageID 20.)

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith.  The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal will not be taken in good faith when it would present a frivolous issue. *Id.*  The same considerations

---

[1] *See Ingram v. Shelby Cty. Sheriff Dep't*, No. 21-2089 (W.D. Tenn. Jul. 28, 2021) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)); *Ingram v. Comcast*, No. 21-2376 (W.D. Tenn. Jul. 26, 2021) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Ingram v. City of Memphis Police Dep't*, No. 21-2089 (W.D. Tenn. May 12, 2021) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii)); *Ingram v. City of Memphis Police Dep't*, No. 21-2034 (W.D. Tenn. May 12, 2021) (dismissed pursuant to 28 U.S.C. (e)(2)(B)(i)&(ii)); *Ingram v. LeBonheur Children's Hosp.*, No. 18-2294 (W.D. Tenn. Jan. 3, 2019) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *aff'd*, no. 19-5202 (6th Cir. Oct. 30, 2019); *Ingram v. Guardsmark Sec. Co.*, No. 15-2346 (W.D. Tenn. Nov. 13, 2015) (dismissed for lack of standing); *Ingram v. MGA Ins. Co., Inc*., No. 15-2568 (W.D. Tenn. Feb. 3, 2015) (dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3)).

that lead this Court to dismiss Plaintiff's Complaint also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 8th day of October 2021.

                                    *s/ Mark Norris*
                                    MARK S. NORRIS
                                    UNITED STATES DISTRICT JUDGE